# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

SIDNEY FRANK PHILLIPS, JR.

NO. 2025 KW 1004

**DECEMBER 11, 2025**

In Re:    Sidney Frank Phillips, Jr., applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 828924.

BEFORE:   **THERIOT, PENZATO, AND BALFOUR, JJ.**

**WRIT GRANTED.** "No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if its filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922[.]" La. Code Crim. P. art. 930.8(A). "[A] judgment rendered by [an] appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made." La. Code Crim. P. art. 922(B). On September 28, 2023, this court affirmed relator's conviction and sentence in this case, and he did not seek further review. The judgment on relator's appeal became final fourteen days later. Accordingly, relator had until October 12, 2025, to seek postconviction relief. Thus, the application for postconviction relief filed in September 2025 is timely on its face.

Accordingly, the district court's ruling denying the application for postconviction relief is vacated and this matter is remanded to the district court to order the district attorney to file any procedural objections he may have, or an answer on the merits if there are no procedural objections. If the district court determines that the factual and legal issues can be resolved based upon the application and answer, and supporting documents submitted by either party or available to the court, the court may grant or deny relief without further proceedings. See La. Code Crim. P. art. 929(A).

**MRT**
**AHP**
**KEB**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT